## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

| | | |
|---|---|---|
| **TERRY SUMLIN** | * | **CIVIL ACTION NO. 08-1609**<br>**SECTION P** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **JOHN GUNTER ET AL.** | * | **MAGISTRATE JUDGE**<br>**KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is an unopposed motion for summary judgment filed by defendants John Gunter ("Gunter"), Cora Coleman ("Coleman"), and Ronnie Harris ("Harris").  Doc. # 24.  For reasons stated below, it is recommended that the motion be **GRANTED.**

### BACKGROUND

*Pro se* plaintiff Terry Sumlin ("Sumlin"), proceeding *in forma pauperis*, filed a civil rights complaint pursuant to 42 U.S.C. §1983 on October 27, 2008.  Doc. # 1.  At that time Sumlin was an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC) and was incarcerated at the East Carroll Detention Center (ECDC), Lake Providence, Louisiana.[1]  He complained that his Eighth Amendment rights were violated when he was denied medical treatment for a dental problem during the period he was incarcerated at that institution. *Id.* at 4-5.  He sought $5,000,000 in damages from defendants ECDC Warden Gunter and ECDC Nurse Coleman.  *Id.* at 5.  In an amended complaint filed on January 26,2009, plaintiff added an additional defendant, ECDC Assistant Warden Harris.  Doc. # 7, 1.

### LAW AND ANALYSIS

---

[1] Plaintiff was released from the physical custody of the LDOC on February 11, 2009 and he now resides in Bossier City, Louisiana.  Doc. # 8.

Summary Judgment Standard

Summary judgment is appropriate when the evidence before the Court shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(b).  While the facts are to be reviewed with all inferences drawn in favor of the non-moving party, factual controversies are resolved in favor of the non-movant only when there is an actual controversy - that is, when both parties have submitted evidence of contradictory facts.  *McCallum Highlands, Limited v. Washington Capital DUS, Inc.*, 66 F.3d 89 (5th Cir. 1995).  In this case, the plaintiff has failed to submit evidence of any facts contradictory to those submitted by the moving party.  In the absence of any opposition to the motion, this Court must accept the evidence presented by the defendant and its statement of undisputed facts as true.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); ULLR 56.2E&W.  Thus, for purposes of this motion, those facts are deemed admitted.  The undisputed material facts as set out in plaintiff's statement of uncontested material facts, and further supported by the certified copy of plaintiff's medical records attached to defendant's motion for summary judgment as Exhibits A and B, are as follows:

On March 4, 2008, Sumlin first complained of a toothache, and was placed on the dentist's list.  On May 27, 2008, Sumlin complained of a toothache and was provided oral gel.  On June 4, 2008, a dentist saw Sumlin and prescribed medication, which was ordered for him that day.   On July 8, 2008, plaintiff stated that the dentist had told him he would refer the plaintiff to LSU-Shreveport for a tooth extraction; however, he had no paperwork.  The nurse contacted the dentist and LSU.  LSU gave the plaintiff an appointment for the extraction for December 23, 2008, at 12:30.  On August 8, October 28, and November 17 of 2008, Sumlin notified the medical staff at ECDC either about his toothache or to inquire about his upcoming

2

appointments.  Each time he was referred for a dental appointment and/or given oral gel for tooth pain.  On November 18, 2008, Sumlin was transferred to another facility.

Eighth Amendment

_____"To prevail on an Eighth Amendment claim for deprivation of medical care, a prisoner must prove that care was denied and that this denial constituted deliberate indifference to serious medical needs." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).  "A prison official shows deliberate indifference if 'the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'"  *Brewster v. Dretke*, No. 08040685, 2009 U.S. App. LEXIS 24643, at *10 (5th Cir. Nov. 10, 2009) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Accordingly, summary judgment is appropriate where the materials before the court fail to raise a genuine issue of material fact as to whether the defendants had sufficient knowledge of the situation so that the denial of medical care constituted deliberate indifference to the medical needs of the prisoner.  *Johnson v. Treen*, 759 F.2d at *6.

The undisputed material facts do not demonstrate that defendants' alleged denial of medical treatment to Sumlin constituted "deliberate indifference" for purposes of the Eighth Amendment.  Indeed, the record is devoid of any facts which would indicate that defendants were aware of and disregarded an "excessive risk" to Sumlin's "health or safety." *See Brewster*, 2009 U.S. App. LEXIS 24643 at *10.   On the contrary, each time Sumlin complained, the medical staff at the prison facility took reasonable steps in response to those complaints, including sending him to the dentist and contacting LSU Shreveport to schedule an extraction of the tooth. Unfortunately, LSU Shreveport was unable to see the plaintiff until December of 2008, and he was transferred to another facility prior to the scheduled appointment date.  The delay in the

appointment for the extraction was unfortunate, but Plaintiff's complaints were not disregarded, and there is simply no showing that there was deliberate indifference to a serious medical need.

Therefore, it is recommended that defendants' motion for summary judgment (doc. # 24) be **GRANTED,** and that judgment be entered in favor of defendants, dismissing with prejudice plaintiff's claims arising under the Constitution and laws of the United States. Fed. R. Civ. P. 56.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 30th day of November, 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE